UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MOHAMED SHOEB KHAN**              **CIVIL ACTION**

**VERSUS**              **NUMBER 07-393-FJP-DLD**

**CITY OF BATON ROUGE, ET AL**

## ORDER

This matter is before a court on plaintiff's motion to compel answers to first discovery requests. The identical motion was filed on three separate occasions (rec. docs. 18, 19, and 21). The motion is opposed (rec. doc. 22).[1]

### *Background*

Plaintiff filed a complaint on June 6, 2007, alleging violations under Title 42 USC §§ 1981, 1983, 1985, the Fifth and Fourteenth Amendments to the United States Constitution, La. C.C. Art. 2315*, et. seq.*, and "general tort law" of Louisiana for violations of plaintiff's constitutional rights, conspiracy to violate plaintiff's constitutional rights, denial of plaintiff's rights to due process and equal protection, and for the infliction of physical, mental and emotional pain, and severe emotional and physical injuries when the motorcycle he was riding was allegedly struck by a police vehicle, causing an accident and resulting in his injuries.

The police report regarding this accident indicates that plaintiff was observed speeding by an officer of the City of Baton Rouge Police Department and was pursued by the officer in a high speed chase; the officer lost sight of him; and the plaintiff was

---

[1] For purposes of this Order, defendant's opposition to motion to compel (rec. doc. 19) is considered an opposition to all three identical motions.

subsequently found in a ditch by another officer, after the accident had already occurred.

### *The Motion to Compel*

Plaintiff filed the first motion to compel on March 28, 2008 (rec. doc. 18). Plaintiff inexplicably filed the same motion to compel on April 7, 2008, and April 24, 2008 (rec. docs. 19 and 21). Plaintiff stated that, on January 6, 2008, he propounded interrogatories, requests for production, and requests for admissions to defendant,[2] and that as of the date of the filing of the motions, no responses were received. Plaintiff requested that defendant "immediately and promptly" answer the propounded discovery, and requested costs and attorney's fees for the necessity of filing this motion.

On April 25, 2008, defendant filed an opposition to the motion to compel filed on April 7, 2008 (rec. doc. 19). Defendant stated that on October 11, 2007, he provided the plaintiff with an initial witness and document list, the police report from the Baton Rouge City Police Department, the vehicle accident report from the East Baton Rouge Sheriff's Office, and the Baton Rouge City Police Department Internal Affairs Division report regarding the incident.

Defendants admitted receiving the discovery from plaintiff on January 10, 2008, and forwarded the written discovery to the Baton Rouge City Police Department's Legal Division to provide responses. On or about February 26, 2008, defendant conducted a follow-up with its Legal Division as to the status of the responses, learned that the responses had been forwarded to the defendant but not received, and that another copy would be

---

[2]Plaintiff's discovery requests consisted of two interrogatories, two requests for production of documents, and twelve requests for admissions.

provided. Defendant relayed this information to plaintiff and stated that he would have responses to plaintiff in "about a week."

Defendant admitted in its opposition that the failure to provide the plaintiff with the responses it received from its Legal Division was "solely the fault" of defendant's counsel (and not the defendant), and apologized for his unintentional delay in answering discovery.

In the opposition, the defendant attached written responses to the discovery request, and provided the following additional documents: 1) audio recording of the pursuit; 2) nine photographs; and 3) Baton Rouge City Police Department's General Order No. 136, "Vehicle Pursuits." Defendant also added two witnesses to the witness list already produced in October 2007, and responded to the requests for admissions.

A review of the requests and responses indicates that the majority of the names of the potential witnesses and documents was provided to plaintiff in October 2007, and the court therefore declines to award attorneys' fees at this time. However, because the responses were unduly delayed due to defendant's counsel's own conduct and by his own admission, the court will award costs to plaintiff for the filing of the first motion to compel filed on March 26, 2008. No costs or fees are awarded for the subsequent, unnecessary motions. In the future, plaintiff is advised not to file duplicate motions, but rather to await the resolution of the original motion. Duplicate motions only clog the system and slow the litigation process.

Accordingly, **IT IS ORDERED** that:

Plaintiff's motions to compel (rec. docs. 18, 19 and 21) are **GRANTED** in part and **DENIED** in part as follows:

1. Plaintiff's first motion to compel (rec. doc. 18) is **GRANTED** as to costs only. Plaintiff is awarded reasonable costs not to exceed $250, excluding attorneys' fees, to be borne by James L. Hilburn, in connection with the filing of this motion.

2. Plaintiff's first motion to compel (rec. doc. 18) is **DENIED** as moot in all other respects.

3. Plaintiff's motions to compel (rec. docs. 19 and 21) are **DENIED** as moot.

Signed in Baton Rouge, Louisiana, on April 28, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**